UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALEX L. GOLDMAN,

    Petitioner,

v.                                            Case No. 2:09-cv-228
                                              HON. GORDON J. QUIST

CATHERINE BAUMAN,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner filed this petition for writ of habeas corpus challenging his prison sentence of nonparoleable life imprisonment for first-degree felony murder, MCL 750.316 (1)(b); armed robbery, MCL 750.529; conspiracy to commit armed robbery, MCL 750.157a; and possession of a firearm during the commission of a felony, MCL 750.227b.  The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  The parties have briefed the issues and the matter is now ready for decision.

Petitioner raises the following claims:

> I.   Trial counsel's failure to file a reply to the prosecutor's interlocutory application for leave to appeal violated petitioner's right to counsel at a critical stage of the criminal process.
>
> II.   Prosecutor engaged in misconduct when he made certain comments during closing arguments, depriving petitioner of a fair trial.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective.  Because this petition was filed after the effective date of the AEDPA,

this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously

2

or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner asserts that his Sixth Amendment rights were violated when his trial counsel failed to file a reply brief to the prosecutor's interlocutory application for leave to appeal. Petitioner argues that his trial counsel's failure to file a reply brief constituted the absence of counsel at a critical stage. The prosecution applied for leave to appeal the trial court's decision to deny a request to exercise a peremptory challenge. The Michigan Court of Appeals reversed the trial court's decision, finding no violation of *Batson v Kentucky,* 476 US 79; 106 S Ct 1712; 90 L Ed 2d 69 (1986). The court explained:

The Sixth Amendment provides defendants with the right to counsel at all critical stages of the criminal process. *People v Williams,* 470 Mich 634, 641; 683 NW2d 597 (2004); US Const, Am VI; Const 1963, art 1, § 20. The Sixth Amendment right to counsel is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Gideon v Wainwright,* 372 US 335, 342-344; 83 S Ct 792; 9 L Ed 2d 799 (1963); US Const XIV. "It is well established that a total or complete deprivation of the right to counsel at a critical stage of a criminal proceeding is a structural error requiring automatic reversal." *People v Willing,* 267 Mich App 208, 224; 704 NW2d 472 (2005), citing *Cronic, supra* at 659 n 25 ("The United States Supreme Court has 'uniformly found constitutional error without any showing of prejudice when counsel was...totally absent . . . during a critical stage of the proceeding.'"); *People v Anderson (After Remand),* 446 Mich 392, 405; 521 NW2d 538 (1994), citing *Gideon, supra; People v Russell,* 471 Mich 182, 194 n 29; 684 NW2d 745 (2004), citing *Gideon, supra,* and *People v Duncan,* 462 Mich 47, 51-52; 610 NW2d 531 (2002) ("The complete denial of counsel at a critical stage of a criminal proceeding is a structural error that renders the result unreliable, thus requiring automatic reversal.")

"A critical stage is one where potential substantial prejudice to defendant's rights inheres in the particular confrontation and where counsel's abilities can help avoid that prejudice." *Thomas v O'Leary*, 856 F 2d 1011, 1014 (CA 7, 1988), citing *Coleman v Alabama,* 399 US 1, 9; 90 S Ct 1999; 26 L Ed 2d 387 (1990). "Such confrontations include, for example, the indictment, arraignment, and preliminary hearing, *Kirby v Illinois,* 406 US 682, 689 [;] 92 S Ct 1877, 1882 [;] 32 L Ed 2d 411 (1972), and sentencing. *Strickland v Washington,* 466 US 668, 686 [;] 104 S Ct 2052, 2063 [;] 80 L Ed 2d 674 (1984)." *Id.* We find that the prosecutor's emergency interlocutory appeal from the trial court's ruling constituted a critical stage of the criminal proceeding. See *Fields v Bagley,* 275 F3d 478, 484 (CA 6, 2001), and *Thomas, supra* at 1014-1015.

We conclude, however, that defendant was not totally denied counsel at that stage of the proceedings so as to constitute a structural error requiring automatic reversal. Here, defense counsel was not totally absent during a critical stage of the proceeding. Defense counsel was served with a copy of the prosecution's emergency interlocutory appeal, was informed by this Court of a deadline in which to respond, and timely informed this Court that an answer would not be filed. Although there was a basis upon which defense counsel could have responded to the prosecutor's appeal (by making the arguments he

4

> made before the trial court), any argument defense counsel made concerning the *Batson* issue would not have been successful. See *People v Goldman,* unpublished order of the Court of Appeals, entered December 9, 2005 (Docket No. 266992). The trial judge erred in sustaining defendant's *Batson* challenge, and this Court properly granted the prosecutor's motion for peremptory reversal and remanded for the trial judge to excuse the challenged juror. *Id.*

Michigan Court of Appeals Opinion, docket #26, at 2.

Petitioner also refers to MCR 6.005(H)(3) and MRPC 1.3 to support his assertion that the facts of this case evince a complete denial of counsel at a critical stage of the proceedings. MCR 6.005 (H)(3) reads: "[t]he responsibilities of the trial lawyer appointed to represent the defendant include...responding to any preconviction appeals by the prosecutor." In regard to MCR 6.005(H)(3) the Michigan Court of Appeals wrote that "although defense counsel had a responsibility to respond to the appeal, it does not necessarily follow that declining to respond constituted a structural error requiring automatic reversal: rather, the circumstances of the case must be taken into consideration." MRPC 1.3 states: "[a] lawyer shall act with reasonable diligence and promptness in representing a client," and that "[a] lawyer should pursue a matter on behalf of a client despite opposition, obstruction, or personal inconvenience to the lawyer..." The Court found that petitioner's trial counsel did in fact act with reasonable diligence and promptness in his representation. The Court stated that petitioner's trial counsel informed the Michigan Court of Appeals that he would not be filing an answer before the time that the answer was due and that he continued to act as defense counsel at trial. The Court asserted that the decision of petitioner's trial counsel not to file a brief was a conscious and objectively reasonable strategic decision. The Court went on to write:

> Defendant's citation to the minimum standards for indigent criminal appellate defense services, SCAO 2004-06, as well as the internal operating procedure for MCR 7.211(C)(5), are also inapplicable here, because, as pointed out by defendant himself, "defense counsel's pretrial failure to file an appellate brief in opposition to the

>prosecutor's application for leave to appeal to this Court will be treated as an omission committed by trial counsel rather than as a failure to represent the defendant as appellate counsel." *People v Johnson,* 144 Mich App 125, 132; 373 NW2d 263 (1985).

Michigan Court of Appeals Opinion, docket #26, at 2.3.

Petitioner was unable to meet his burden of convincing the Michigan Court of Appeals that his trial counsel was ineffective. To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v Washington*, 466 US 668, 688-96 (1984). Stated another way, this court is to decide whether petitioner's trial counsel's alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged failures were materially prejudicial. The Sixth Circuit has explained:

>The question for reviewing courts is whether counsel's errors have likely undermined the reliability of, and confidence in, the result. *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, *quoted in Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). In evaluating petitioner's claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc), cert. denied*, 113 S. Ct. 2969 (1993). Thus, the determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was "snatched from the jaws of victory."

*West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996).

6

> The Michigan Court of Appeals explained:
>
> Defendant has not established that defense counsel's performance fell below an objective standard of reasonableness. It is well settled that defense counsel is not ineffective for failing to advocate a meritless position. *People v Mack,* 265 Mich App 122, 130; 695 NW2d 342 (2005). Here, this court reversed the trial court's finding of a *Batson* violation because the record did not support a finding of purposeful discrimination. Even if defense counsel had answered the prosecution's appeal, his position would not have been successful. Therefore, he was not ineffective for failing to advocate that position.
>
> Defendant has also not established that a reasonable probability exists that, but for counsel's failure to answer the prosecutor's appeal, the result of the proceedings would have been different. Even if defense counsel had filed a response to the prosecutor's interlocutory application for leave to appeal, the outcome of the appeal would not have changed. Therefore, reversal of defendant's conviction is not warranted.

Michigan Court of Appeals Opinion, docket #26, at 2.

Petitioner has failed to prove that trial counsel's errors were so egregious that they denied him his Sixth Amendment rights. Nor has he offered evidence that the outcome of the proceeding would have been any different had trial counsel answered the prosecutor's appeal; therefore petitioner has failed to meet the standard set forth in *Strickland.*

Petitioner also maintains that the prosecutor engaged in misconduct when he made certain comments during rebuttal closing argument. The prosecutor commented that defense counsel did not possess evidence to suggest that the police failed to adequately investigate alibi witnesses. The prosecutor also made a comment rebutting defense counsel's remark that a witness had procured a sentence reduction. The prosecutor also commented upon defense counsel's attack on the credibility of certain witnesses, deeming this attack a mischaracterization of the facts. Because petitioner did not object to the alleged misconduct, the Michigan Court of Appeals concluded this issue was unpreserved and reviewed the issue for plain error. *People v Watson,* 245 Mich App 572,

7

586; 629 NW2d 411 (2001). When determining whether prosecutorial misconduct occurred, the Michigan Court of Appeals cited *People v Rodriguez,* 251 Mich App 10, 29-30; 650 NW2d 96 (2002):

> The test for prosecutorial misconduct is whether [defendant] was denied a fair and impartial trial. Prosecutorial misconduct issues are decided on a case-by-case basis, and the reviewing court must examine the pertinent portion of the record and evaluate a prosecutor's remarks in context. The propriety of a prosecutor's remarks depends on all the facts of the case. Prosecutorial comments must be read as a whole and evaluated in light of defense arguments and the relationship they bear to the evidence admitted at trial. Appellate review of allegedly improper conduct is precluded if the defendant fails to timely and specifically object, unless an objection could not have cured the error or a failure to review the issue would result in a miscarriage of justice.
>
> The Court further explained:
>
> It is well settled that a prosecutor may not suggest that defense counsel is intentionally attempting to mislead the jury. *Watson, supra* at 592. While the challenged comments suggested that defense counsel was trying to distract the jury from the truth, these comments must be considered in light of defense counsel's comments. *Id.* at 592-593. "An otherwise improper remark may not rise to an error requiring reversal when the prosecutor is responding to the defense counsel's argument." *Id.* at 593, quoting *People v Kennebrew,* 220 Mich App 601, 608; 560 NW2d 354 (1996).

Michigan Court of Appeals Opinion, docket #26, at 4.

The Michigan Court of Appeals explained that the main focus of petitioner's trial counsel's closing argument was to show that the police did not conduct a thorough investigation of the case once petitioner became the primary suspect. Trial counsel also argued that the prosecution's witnesses were not credible, and that there was no physical evidence linking petitioner to the crime. The Michigan Court of Appeals found that it was not improper for the prosecutor to respond to these arguments. The court ruled that the prosecutor was only clarifying various points as well as

reminding the jury of their duty to decide the case on the facts and all of the evidence presented. The Michigan Court of Appeals stated that when an argument suggesting that defense counsel is intentionally trying to mislead the jury is used, it is only improper when the prosecutor "chastis[es] defense counsel and defendant's entire defense," but that it is not improper when issues are raised regarding only specific parts of the defense. *People v Dalessandro,* 165 Mich App 569, 579-580; 419 NW2d 609 (1988). The Court found that even with the prosecutor's response to the defense counsel's closing argument, Petitioner received a fair and impartial trial.

Petitioner has failed to show how his rights were violated or that any prejudice resulted from these alleged errors. Ultimately, the issue for the Court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d 1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989).

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate

of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
    TIMOTHY P. GREELEY  
    UNITED STATES MAGISTRATE JUDGE

Dated:   July 25, 2011