UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALEX L. GOLDMAN,

    Petitioner,

v.                                         Case No. 2:09-CV-228

CATHERINE BAUMAN,                   HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Alex Goldman, has filed Objections to the Report and Recommendation ("R & R") dated July 25, 2011, in which Magistrate Judge Greeley recommended that Petitioner's habeas petition be denied. Petitioner raised the following claims in his petition:

    I.    Trial counsel's failure to file a reply to the prosecutor's interlocutory application for leave to appeal violated petitioner's right to counsel at a critical stage of the criminal process.

    II.    Prosecutor engaged in misconduct when he made certain comments during closing arguments, depriving petitioner of a fair trial.

The magistrate judge considered both grounds and concluded that they lack merit. With regard to Petitioner's ineffective assistance of counsel claim, the magistrate judge concluded that Petitioner failed to show a violation of his Sixth Amendment rights under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), as Petitioner failed to show both that counsel's errors were so egregious as to deprive him of counsel guaranteed by the Sixth Amendment and that the result would have been any different had his counsel responded to the prosecutor's appeal. (R & R at 6-7.) With regard to the prosecutorial misconduct claim, the magistrate judge concluded that the Michigan

Court of Appeals resolution of this claim was not an unreasonable application of clearly established Supreme Court precedent. Moreover, the magistrate judge concluded that Petitioner failed to show that the prosecutor's remarks denied him a fundamentally fair trial. (R & R at 9.)

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the report and recommendation, Petitioner's Objections, and the pertinent portions of the record, the Court concludes that the report and recommendation should be adopted and the petition denied.

Regarding his Sixth Amendment claim, Petitioner contends that his trial counsel's failure to respond to the prosecutor's interlocutory application to appeal the trial court's denial of the prosecutor's request to exercise a peremptory challenge constituted the absence of counsel at a critical stage. The cases Petitioner cites, including *United States ex rel. Thomas v. O'Leary*, 856 F.2d 1011 (7th Cir. 1988), and *Fields v. Bagley*, 275 F.3d 478 (6th Cir. 2001), are inapposite to the facts of this case. In both of those cases the petitioners were, in fact, totally without counsel at critical stages of the criminal proceedings. In this case, as the Michigan Court of Appeals observed, Petitioner was not totally denied counsel because the Michigan Court of Appeals informed defense counsel of the deadline for responding to the prosecutor's emergency interlocutory appeal and defense counsel informed the court that he would not be responding. *People v. Goldman*, No. 268842, 2007 WL 2429877, at *2 (Mich. Ct. App. Aug. 28, 2007) (per curiam). The court noted that while counsel could have responded with an argument, any such argument would have been meritless. Thus, the court reasoned, counsel's decision to not respond was a strategic decision, and defense counsel could not have been ineffective for failing to raise a meritless argument. *Id.* at *3.

The court of appeals also explained that, in any event, petitioner could not demonstrate prejudice because any argument that counsel might have made would have failed. *Id.* The Court concurs with the magistrate judge that, under these circumstances, Petitioner has failed to meet the requirements of *Strickland*.

With regard to the prosecutorial misconduct claim, Petitioner must show that "the prosecutor's conduct affected the fairness of the trial." *United States v. Young*, 470 U.S. 1, 11, 105 S. Ct. 1038, 1044 (1985). Petitioner has failed to show that the prosecutor's remarks during closing deprived him of a fair trial. As the magistrate judge observed, the prosecutor's remarks merely responded to specific arguments by defense counsel. The prosecutor may appropriately respond to such arguments without denying the defendant a fair trial. *See United States v. Tocco*, 135 F.3d 116, 130 (2d Cir. 1998) ("[W]here the defense summation makes arguments and allegations against the government, the prosecutor may respond to them in rebuttal."). Here, the prosecutor responded to defense counsel's specific arguments regarding the evidence. This was not improper, and it did not deprive Petitioner of a fair trial.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 25, 2011 (docket no. 35) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (docket no. 39) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.


Dated: November 7, 2011                                /s/ Gordon J. Quist
                                                 GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE